KATHARINE VAUGHN v. WILLIAM H. CRITES ET AL.

FILED APRIL 16, 1895.          NO. 6130.

1. **Misconduct of a Juror:** HARMLESS ERROR. Misconduct of a juror, urged by a party whom such misconduct, if established, could not have injured, is not available in error proceedings in the supreme court.

2. **Instructions:** BILL OF EXCEPTIONS: ARRANGEMENT. An instruction to find for plaintiff—the party asking it—was properly refused, where the effect to be given certain evidence was therein misstated and made subordinate to propositions of fact with which, logically, it had no relation.

ERROR from the district court of Merrick county. Tried below before SULLIVAN, J.

*John Patterson,* for plaintiff in error.

*W. T. Thompson* and *J. W. Sparks, contra.*

RYAN, C.

This action of replevin was brought by Katharine Vaughn against William H. Crites for the possession of certain personal property by him, as sheriff, levied upon for the satisfaction of two executions. In the petition it was asserted that Mrs. Vaughn was the absolute owner, and by her proofs she sought to show that she had purchased it from Morgan L. Wright, her son-in-law, before it had been levied upon by virtue of the judgments against him for the satisfaction of which said execution was issued. The existence and good faith of this transfer as against the aforesaid judgments were the questions litigated between the plaintiff and the defendant above named. During the pendency of the action Isaac V. Traver, as administrator of the estate of Margaret T. Wright, the deceased wife of Morgan L. Wright, was permitted to intervene and assert

that the ownership and right of possession of the disputed property was in himself as such administrator. Issues having been duly joined between all the parties, a trial was had, which resulted in a verdict in favor of the intervenor, on which judgment was duly rendered. The errors complained of are assigned by Katharine Vaughn, as plaintiff in error.

In support of the motion for a new trial there seems to have been filed several affidavits, met by counter-affidavits, between which the issue was whether or not a juror had been guilty of misconduct such as would justify setting aside the verdict afterwards reached. It is unnecessary to consider this proposition for two reasons: The first of these is that the verdict was against the sheriff and the misconduct alleged was with the judgment creditor, for whom the sheriff was acting in the levies sought to be defeated. The other reason is, that the district court of Merrick county, wherein this case was tried, has found adversely to the alleged misconduct as a question of fact on conflicting evidence, and, under such circumstances, its finding of that character is conclusive. That the filing of these affidavits may not be entirely without result, however, this opportunity is taken for saying that a bill of exceptions should have some definite point of commencement. In this case, immediately following the certificate of the clerk to the transcript, there is met, without any warning, a succession of original affidavits in which the chirography is of various styles. On a cover attached to these affidavits is this inscription: "Affidavits used by deft's upon the hearing of the motion for a new trial." In the midst of the entire bundle of affidavits there is a like inscription upon one affidavit, the only difference being the substitution of the word plaintiff for defendant. Among these latter affidavits two are marked "Exhibit A" and one is marked "Exhibit B." Following all these affidavits there succeeds first a copy of two "schedules of personal property" marked Ex-

hibit No. 2, then a copy of a petition of above twelve pages
of what, by a stretch of courtesy, might be called written
matter, which is marked "Exhibit A;" then, in cheerful
and confusing succession, there follows a copy of a deed,
marked "'Exhibit B,' received in evidence upon the trial
of said cause, as shown upon page 32 of said bill of ex-
ceptions," after which is "a list of hotel furniture and
fixtures sold to Katharine Vaughn, July 10, 1891," in-
dorsed "Exhibit A, received in evidence on the trial of
said cause, as shown on page 14 of this bill of exceptions."
Perhaps it may serve to extenuate these offenses to remark
that in some instances the descriptive words quoted were
written in red ink.  Following the affidavits and exhibits
just described there is a page containing neat, type-written
lists of witnesses, each with proper descriptive headings.
On the page following this there is found the title of the
case, immediately after which are the words "Katharine
Vaughn, sworn by the plaintiff; examined in chief by Mr.
Patterson."  Then follow in good type-written copy al-
ternate questions and answers of different witnesses, with
objections, the rulings of the court and exceptions thereto
and admissions of facts, until finally there is reached the
certificate of the reporter.  It is within the knowledge of
the writer hereof that the above hodgepodge method of pre-
senting affidavits very nearly led to their being entirely
disregarded in one instance, owing to circumstances which
might exist in any case.  There is, therefore, a real neces-
sity that the bill of exceptions should begin with a proper
caption, and that within such bill, or attached to it and
identified by the judge settling the same, there should be
such reference to exhibits as will preclude the possibility
of any mistake.

It is urged that the court erred in its refusal to give the
fourth instruction requested by the plaintiff, in which was
this language:

"4. The jury are further instructed that, although you

may find from all the evidence in the case that the property in controversy was in the year 1890 listed for taxable purposes in the name of Margaret T. Wright, the wife of said Morgan L. Wright at said time, still, if you further. find from all the evidence in the case that the said property was the fruits of the joint earnings and accumulations of the said Morgan L. Wright and the said Margaret T· Wright during coverture and during the time they lived together as husband and wife, and that the said Morgan L. Wright had not transferred the title to the said property to the said Margaret T. Wright during her lifetime by gift, settlement, sale, conveyance, or otherwise, then you should find for the plaintiff, Katharine Vaughn," etc.

The above instruction concludes with a proviso as to the rights of creditors as against the title of Katharine Vaughn being dependent upon the good faith of the transfer,—a proposition which need not be discussed, since, in this court, parties who might be interested in that question have no contention with each other. The only part of the instruction requested, therefore, with which we are concerned is that which laid down the proposition that if, in 1890, the property was listed for taxation in the name of Mrs. Wright, and the same had been earned by herself and her husband jointly, and Morgan L. Wright during the lifetime of his wife had not transferred it to her, then that the jury should find for the plaintiff. The legal proposition assumed to be asserted in this instruction was stated in such terms that it was really dependent in no way upon the manner in which the listing for taxation took place in 1890. The evidence of the assessor was that in 1890 Morgan L. Wright stated to him that the property belonged to Mrs. Wright and that she would have to give it in for assessment, and in 1891 plaintiff told witness that Dr. Whittaker was in possession of the personal property as trustee for the children of Mr. and Mrs. Wright. The schedule for 1890 was accordingly verified by Mrs. Wright

and the property was therein described as individually her own. The evidence as to the assessment of this property was therefore important, as tending to contradict that of Morgan L. Wright, and the court very properly refused the requested instruction which ignored the bearing of this testimony in that direction.

As to the remaining assignments of error, that the verdict was not sustained by the evidence and was contrary to law, it is merely necessary to say that we do not agree with counsel for plaintiff as to either of these propositions. The judgment of the district court is

AFFIRMED.